IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER ANTONIO STAPLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV1263 |
| v. ) | 1:09CR260-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court of a single count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Based on his status as an Armed Career Criminal under 18 U.S.C. § 924(e), he was sentenced to 180 months of imprisonment to be followed by a term of five years of supervised release. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on direct appeal. Petitioner filed a Motion [Doc. #80] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he raised several challenges to his conviction and sentence. The Government filed a response opposing relief. Following the briefing of the original Motion, Petitioner filed a Supplement [Doc. #114] arguing that his sentence as an Armed Career Criminal is no longer valid following Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015) and United States v. Parral-Dominguez, 794 F. 3d 440, 445 (4th Cir. 2015). The Government then filed a Supplemental Response, conceding that

Petitioner is no longer an Armed Career Criminal and requesting that he be resentenced. (Second Supplemental Response [Doc. #119].) Petitioner agreed to this disposition and stated that he wished to proceed only with the claim raised in the Supplement and not with the claims in his original § 2255 Motion. (Supplemental Reply [Doc. #122].) Therefore, the Court will consider the case only as to Petitioner's claim under <u>Johnson</u> and <u>Parral-Dominguez</u> and the Government's concession as to that claim.

Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). Before <u>Johnson</u>, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, <u>Johnson</u> invalidated as unconstitutionally vague the "residual clause" of the statute, which consisted of the language "otherwise involves conduct that presents a serious potential risk of physical injury to another." <u>Johnson</u>, 135 S. Ct at 2563. <u>Johnson</u> is retroactive on collateral review for Armed Career Criminals. <u>Welch v. United States</u>, ___ U.S. ___, 136 S. Ct. 1257 (2016).

2

Petitioner was sentenced as an Armed Career Criminal based on two prior North Carolina convictions for robbery with a dangerous weapon and one prior North Carolina conviction for shooting into an occupied dwelling obtained in Forsyth County, North Carolina, on March 23, 1993.  Following the invalidation of the residual clause in <u>Johnson</u>, the conviction for shooting into an occupied dwelling can no longer be counted as a predicate offense under that clause.  In addition, after the decision in <u>Johnson</u>, the United States Court of Appeals for the Fourth Circuit held that the crime of shooting into an occupied dwelling in North Carolina does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." <u>Parral-Dominguez</u>, 794 F.3d at 444 (addressing this same language as used in USSG § 2L1.2).  Therefore, that conviction is no longer a proper predicate under the Armed Career Criminal Act, Petitioner is not now an Armed Career Criminal, his Motion should be granted on that basis, and the matter should be set for resentencing.

Also pending on the docket are two Motions filed by Petitioner which relate to an earlier Order of the Court holding this matter in abeyance pending a decision in <u>Welch</u>.  One Motion [Doc. #125] seeks to lift the stay, while the other Motion [Doc. #128] seeks to withdraw the Motion to lift the stay.  Given the decision in <u>Welch</u>, the Court will recommend that the stay be lifted.  This moots both of Petitioner's Motions, which will be denied as such.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #125] seeking to remove the prior stay and Petitioner's Motion [Doc. #128] seeking to withdraw the motion to lift the stay are denied for being moot.

IT IS RECOMMENDED that the prior stay in light of Welch be lifted, that Petitioner's Motion [Doc. #80] to vacate set aside, or correct sentence be granted as to the claim raised in Petitioner's Supplement [Doc. #80] under Johnson and Parral-Dominguez, that the Motion be denied otherwise, that his sentence be vacated, and that this matter be set for resentencing.

This, the 23rd day of May, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge